UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          **Plaintiff**

      –against–

NATIONAL WHOLESALE LIQUIDATORS,
INC.,

          **Defendant.**

------------------------------------------------------------x

07 2507
BIANCO, J.

Civil Action No.

WALL, M.J.

COMPLAINT

JURY TRIAL DEMANDED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 21 2007 ★

BROOKLYN OFFICE

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (Asian), national origin(South Asian/Indian and Pakistani), sex (female), and religion (Sikh), and/or retaliation, and to provide relief for Santosh Sharma, Sukhbir Kaur, and Musarat Ahmed ("Charging Parties") and a class of other similarly situated individuals (collectively, "claimants"). As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Charging Parties and other similarly situated employees were harassed and eventually fired by a manager of Defendant based on their race and national origin. In addition, Defendant sexually harassed Charging Party Kaur, harassed her because of her religion (Sikh), and terminated her employment when she objected to the harassment.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and § 2000e-6 ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and § 2000e-6.

4. At all relevant times, Defendant has continuously been a New York corporation doing business in the State of New York and has had at least fifteen employees during the relevant time period.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, the Charging Parties filed Charges of Discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2004, Defendant, through its Store Manager, Rashid Baccas, has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e. These practices include, but are not limited to, the following:

(a) Defendant subjected claimants to harassment based on their race and/or national origin by making offensive comments such as, "All Indians are nasty," "All you Asian ladies make me sick," and, "I'm tired of seeing old Indian faces all the time."

(b) Defendant also discriminatorily forbade claimants to speak in their native languages, even while on breaks, while permitting other employees to speak in their native languages.

(c) Defendant discriminatorily fired claimants for fabricated incidents of theft and other misconduct.

(d) Defendant subjected Charging Party Kaur to sexual and religious harassment. For example, Baccas told Kaur, a Sikh, to remove her turban because she would appear sexier without it. When Kaur refused to do this or to comply with Baccas's repeated sexual advances, Baccas told her that she was not permitted to use the bathrooms and would have to wear a diaper to work.

(e) Although claimants complained about the discrimination, Defendant did not prevent the continuing offensive behavior.

3

   (f) When Charging Party Kaur objected to Defendant's harassment of her, Defendant retaliated against her by subjecting her to harassment and then by firing her.

8. The effect of the practices complained of above has been to deprive claimants and other individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their (Asian), national origin(South Asian/Indian and Pakistani), religion (Sikh), sex (female), and/or complaints about discriminatory practices.

9. The unlawful employment practices complained of above were intentional.

10. At all relevant times, Defendant has acted with malice or reckless indifference to the federally protected rights of claimants.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of race, national origin, sex, and/or religion;

B. Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of race, national origin, sex, and/or religion, and that eradicate the effects of Defendant's past and present unlawful employment practices;

C. Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing appropriate back-pay and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate

4

the effects of Defendant's unlawful employment practices, including, but not limited to, front pay and/or reinstatement of claimants;

D. Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing compensation for nonpecuniary losses, including pain, suffering and humiliation, in amounts to be determined at trial;

E. Order Defendant to provide punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper;

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: June 21, 2007

Respectfully submitted,

Ronald Cooper
General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_Elizabeth Grossman_
Elizabeth Grossman (EG - 2478)
Regional Attorney

_Judy_
Judy Keenan (JK - 3083)
Supervisory Trial Attorney

*[signature]*

Margaret A. Malloy (MM - 6230)
Trial Attorney
U.S. EEOC
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: 212-336-3690
Fax: 212-336-3623
margaret.malloy@eeoc.gov