**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**EQUAL EMPLOYMENT OPPORTUNITY**        :
**COMMISSION,**                         :
                                        :
                    **Plaintiff,**      :
                                        :        **No. 07 CV 2507 (JFB)(WDW)**
**SUKHBIR KAUR,**                       :
                    **Plaintiff-Intervenor** :
                                        :
           **–against–**                :
                                        :
**NATIONAL WHOLESALE LIQUIDATORS,**     :
**INC.,**                               :
                                        :
                    **Defendant.**      :
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 23 2008   ★

LONG ISLAND OFFICE

**CONSENT DECREE**

**PART I        GENERAL PROVISIONS**

**Section 101    Introduction**

Plaintiff Equal Employment Opportunity Commission ("EEOC"), Defendant National

Wholesale Liquidators, Inc. ("Defendant"), and Plaintiff-Intervenor Sukhbir Kaur ("Plaintiff-

Intervenor") have agreed to resolve this action by the terms of this Consent Decree ("Decree") as

set forth below.

EEOC filed this action on or about June 21, 2007 against Defendant under Title VII of

the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct

unlawful employment practices on the basis of race (Asian), national origin (South Asian/Indian

and Pakistani), sex (female), and religion (Sikh), and/or retaliation, and to provide relief for

Santosh Sharma, Sukhbir Kaur, and Musarat Ahmed ("Charging Parties") and a class of other

similarly situated individuals (collectively, "Claimants"). EEOC's complaint alleges that that

one or more Charging Parties and/or other similarly situated employees were harassed and

1

eventually fired by a manager of Defendant based on their race, national origin, sex, and religion, and were subjected to retaliation.   In addition, EEOC alleges Defendant sexually harassed Charging Party Kaur, harassed her because of her religion (Sikh), and terminated her employment when she objected to the harassment.

**Section 102    Purpose of the Decree**

A.      The parties, defined as EEOC, Plaintiff-Intervenor and Defendant, desire to settle this action, and therefore stipulate and consent to the entry of this Decree as final and binding between the parties and their successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which Defendant may consolidate.. Defendant will provide notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which it may consolidate.

B.      This Decree resolves all issues concerning the allegations in EEOC's complaint, Plaintiff-Intervenor's Complaint, and Charging Parties' EEOC Charges of Discrimination numbered 160-2005-02181, 160-2005-02178, 16G-2005-01062, which served as the jurisdictional prerequisite in this case.  This Decree does not resolve any other charge of discrimination currently pending before EEOC, or any charge that may be filed in the future. EEOC reserves all rights to proceed regarding matters not covered in this Decree, but the EEOC agrees not to use any of the above-referenced charges as a jurisdictional basis for filing a lawsuit against Defendant.

C.      The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

2

D.      Neither the negotiation of, undertaking of, agreement to, execution of, nor entry of this Decree shall constitute or operate as an acknowledgement of admission of any kind by Defendant that any of its directors, officers, employees or agents have violated or not been in compliance with the provisions of Title VII.

**Section 103    Duration of the Decree**

A.      The effective date of this Decree will be the date it is signed by and receives final approval from the Court ("date of entry").  This Decree will remain in effect for three years from its date of entry.  This Decree will not expire against any signatory while any enforcement action is pending against that signatory.

B.      If EEOC has notified Defendant in writing not less than 15 days in advance of the termination of this Decree that Defendant is not in compliance with any sections of this Decree, Defendant's obligations under this Decree will remain in effect for ninety days to permit the EEOC to determine whether an enforcement action is necessary.

**Section 104    Prohibited Conduct and Injunction to Not Discriminate**

A.      Defendant is hereby enjoined from harassing against any individual because of the individual's race (Asian), national origin (South Asian/Indian and Pakistani), sex (female), and religion (Sikh), and from retaliating against any individual because that individual is a beneficiary of this Decree, has filed a complaint, or has provided information, assistance, or participated in any other manner in the investigation or litigation of this matter.

B.      Nothing in this Decree will be construed to limit or reduce Defendant's obligations to comply with Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.*

**Section 105    Consent to Jurisdiction**

A.      EEOC and Defendant agree that this Court has jurisdiction over the subject matter of this litigation and the parties for the duration of this Decree, venue is proper, and all

3

administrative prerequisites have been met. Defendant will not contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

B.      The Court will retain jurisdiction over this action for the duration of this Decree for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. A breach of any term of this Decree by Defendant will be deemed a substantive breach of this Decree. EEOC may bring an enforcement action upon breach of any of the terms of this Decree by any other party. In any action to enforce the terms of this Decree, the Court will have full authority to order any remedy the Court deems appropriate, including, but not limited to, specific performance and/or extension of this Decree beyond its term. Upon entry of this Decree, the matter will be immediately closed, but the Court will retain jurisdiction to enforce this Decree.

**Section 106   Amendments to the Decree**

By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of the Decree's provisions. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court, except that the parties may mutually agree to modify the procedures in Sections 109 and 201-203 without approval of the Court or as otherwise indicated herein.

**Section 107    Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to insure that this Decree continues to effectuate the intent of the parties. The provisions of this Decree that are not rendered unlawful, unenforceable or incapable of performance as a result of such legislative act or court decision, will remain in full force and effect, and the parties' responsibilities will not abate as to any and all provisions that have not been rendered

4

unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

**Section 108    Implementation of Decree**

The parties agree that they will cooperate to effectuate and implement all terms and conditions of this Decree, and exercise good faith efforts to accomplish the terms and conditions of this Decree. This Decree will be construed under applicable federal law.

**Section 109    Notices**

Except as otherwise provided for in this Decree, all notifications, reports and communications to the parties required under this Decree will be made in writing and will be sufficient as hand-delivered, faxed or sent by certified, registered or overnight mail to the following persons (or their designated successors):

| | |
|---|---|
| For EEOC: | Margaret A. Malloy<br>Equal Employment Opportunity Commission<br>33 Whitehall Street, 5th Floor<br>New York, NY 10004<br>Fax: (212) 336.3623 |
| For Defendant: | Jeffrey W. Brecher, Esq.<br>Jackson Lewis, LLP<br>58 South Service Rd., Ste. 410<br>Melville, NY 11747<br>Fax: (631) 247-0417 |
| For Plaintiff-Intervenor: | Ravinder S. Bhalla, Esq.<br>33-41 Newark Street, Suite 4A<br>Hoboken, NJ 07030<br>Fax:    (201) 610-9030 |

Any party may change the person or address for notification by providing written notice to the other party setting forth the new person and/or address for such purpose. Notwithstanding the provisions for notification contained in this paragraph, the parties may, after agreement memorialized in writing, send each other such notifications, reports and communications by email.

5

## PART II

## SYSTEMIC RELIEF

**Section 201    Posting and Distribution of Notices**

    **A.    Posting of Notice of Resolution**

Within ten days of the date of entry of this Decree, Defendant will conspicuously post and maintain a "Notice of Resolution" regarding this lawsuit (attached as Exhibit A), at the time-clock where employees punch-in and punch-out for work at all of Defendant's facilities where Kareem Baccas (also known as "Rashid" Baccas) has been a Store Manager – Defendant's Farmingdale, Flushing, Rosedale, West Hempstead, Long Island City, Westbury, and Glenolden stores. Defendant must translate and post the Notice of Resolution in English, Hindi, and Urdu.

    **B.    Posting of EEO Posters**

Within ten days of the date of entry of this Decree, Defendant will post EEO posters in prominent places where employee notices are posted as required by federal regulations. Defendant will notify EEOC in writing within ten days that they have complied with the requirement of posting EEO posters pursuant to this Section.

**Section 202    Nondiscrimination Policy and Complaint Procedures**

    **A.    Required Content of Nondiscrimination Policies and Procedures**

Defendant will adopt and maintain the antidiscrimination policy and complaint procedure ("Policies and Procedures"), attached hereto as Exhibit B, which has been reviewed and approved by EEOC. Defendant must translate and make the Policies and Procedures available to employees in English, Spanish, Hindi, Punjabi, and Urdu.

    **B.    EEOC Approval of Nondiscrimination Policies and Procedures**

Under no circumstances will EEOC, by commenting or electing not to comment on Defendant's Policies and Procedures, be deemed to have waived its right to investigate or litigate any alleged violation of federal law enforced by EEOC, related to or resulting from the implementation of any such policy.

**C.    Issuance of Policies and Procedures**

Defendant will provide each employee with a copy of Defendant's Nondiscrimination Policies and Procedures in the employee's choice of English, Spanish, Hindi, Punjabi, or Urdu within ten days of the date of entry of this Decree. The Policies and Procedures will be issued with a letter signed by Defendant's principal officers affirming Defendant's commitment to maintaining a work environment free of discrimination. Defendant will include its updated Policies and Procedures in its Employee Handbook. Defendant will provide each new employee with a copy of the Policies and Procedures in the employee's choice of English, Spanish, Hindi, Punjabi, or Urdu within five days of the commencement of their employment.

**Section 203    Training**

**A.    Initial Training**

**1.    Approval by EEOC**

Defendant will provide training at any store where Mr. Baccas has been the Store Manager: programs for (a) nonsupervisory employees, and (b) supervisory and management employees. The training programs will be conducted by an outside consultant approved by EEOC.

**2.    Content and Duration of the Initial Training**

The initial training will review the rights and responsibilities of employees under federal antidiscrimination laws and how such laws define unlawful discrimination with a focus on national origin discrimination and harassment. The training will include examples of unlawful conduct. The training also will cover Defendant's antidiscrimination policies and procedures with particular emphasis on the internal complaint, investigation and remediation process and an employee's right to file with EEOC and state or local agencies. Training for supervisory and management employees will cover how to avoid discrimination in the hiring process. The trainings for supervisory and management employees will be no fewer than two hours in duration. The training for nonsupervisory employees will be no fewer than one hour in duration.

7

Training will be provided in English, but audio recordings of the nonsupervisory training in Hindi will be made available to employees who do not speak English.

3.    **Scheduling and Confirmation of Training**

Within ninety days of the date of entry of this Decree, Defendant will complete all initial training programs.  All nonsupervisory employees, supervisory and management employees will attend the appropriate initial training session.  Within ten days of any training session, Defendant will provide EEOC with an attendance sheet that includes the date, the names of those in attendance and the signatures of those in attendance.

B.    **Annual Training**

1.    **Annual Training for Nonsupervisory Employees**

On an annual basis, Defendant will provide all nonsupervisory employees with at least one hour of EEO training as described below in subparagraph 4.

2.    **Annual Training for Management and Supervisory Employees**

On an annual basis, Defendant will provide all supervisory and management employees with at least two hours of EEO training as described below in subparagraph 3.

3.    **Required Subjects of Annual Training**

The annual training programs will include:

a.    For nonsupervisory, supervisory, and management employees, instruction on the requirements of all applicable equal employment opportunity laws including, but not limited to, Title VII of the Civil Rights Act of 1964, and a review of Defendant's nondiscrimination policies and procedures with particular emphasis on the complaint procedure.

b.    For supervisory and management employees, instruction on the proper procedures for responding to complaints of discrimination or harassment.

4.    Training will be provided in person in English or by videotape recording in English, but audio recordings of the nonsupervisory training in Hindi will be made available to employees who do not speak English.

8

5.     Defendant will provide annual training at any store where Mr. Baccas has been the Store Manager.

**C.     Training for New Employees**

Defendant will provide one hour of training for all new nonsupervisory employees and two hours of training for all new management/supervisory employees at any store where Mr. Baccas is the Store Manager within thirty days of the commencement of their employment. The training will review the rights and responsibilities of employees under federal antidiscrimination laws and how such laws define unlawful discrimination with a focus on sexual harassment and sex discrimination. The training will include examples of unlawful conduct. The training also will cover Defendant's antidiscrimination policies and procedures with particular emphasis on the internal complaint, investigation and remediation process and an employee's right to file with EEOC and state or local agencies. The training may be conducted using a pre-taped video in English or audio recording in Hindi.

**D.     Training for Kareem Baccas**

Within forty-five days of the date of entry of this Decree, an outside contractor approved by EEOC, will provide a three-hour, one-on-one training program for Kareem Baccas. Mr. Baccas's obligation to attend this training program will be in addition to his obligation to attend the training program for supervisory and management employees. The training program for Baccas must, at a minimum, cover the topics of discrimination and harassment.

**E.     Reporting Requirements for Training**

All employees attending any training session described in the above paragraphs will print and sign their full names on an attendance sheet. Within ten days of the completion of the initial trainings described in paragraph A, Defendant will provide the Legal Unit of the EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004 (attention: Margaret A. Malloy), with copies of all attendance sheets.

9

**Section 204    Designation of an Equal Employment Opportunity Officer**

    A.    Robert Pidgeon will serve as Defendant's Equal Employment Opportunity Officer (hereinafter "EEO Officer"). The EEO Officer's duties will include, but will not be limited to, general responsibility for ensuring enforcement, implementation, and distribution of Defendant's nondiscrimination policies and procedures, and for receiving and investigating complaints of discrimination.

    B.    If it becomes necessary during the duration of this Decree to designate a different individual as EEO Officer, Defendant will provide EEOC with the name of a proposed candidate for the position of EEO Officer. Defendant will forward the candidate's background information, including but not limited to, resumes and letters of reference, to the EEOC.

    C.    EEOC will review the proposed candidate and advise Defendant within five (5) days whether he/she is acceptable for designation. Defendant may not designate the EEO Officer without EEOC's approval.

    D.    Within seventy-five days of the date of entry of this Decree, an independent third-party approved by EEOC shall provide a three hour, one-on-one training program for the designated EEO Officer. At least ten (10) days before the training occurs, Defendant must provide EEOC with the name and qualifications of its proposed trainer for EEOC's review and approval. The training for the EEO Officer must cover the rights of employees under federal and state antidiscrimination laws and how such laws define unlawful discrimination. The training must also include examples of unlawful conduct. The training also must cover Defendant's antidiscrimination policies and procedures with particular emphasis on the internal complaint, investigation and remediation process, and an employee's right to file with EEOC and state or

local agencies. Finally, the training for the EEO Officer must also cover the requirements of this Decree.

E.   Defendant will cooperate fully with the EEO Officer in the performance of his/her duties and will require its employees to cooperate with all investigations into discrimination conducted by the EEO Officer. Defendant's cooperation with the EEO Officer will include but is not limited to: providing the EEO Officer with access to any and all persons, documents and support necessary to perform his/her functions.

**Section 205   Monitoring and Reporting**

A.   **Monitoring by EEOC**

In addition to the other monitoring provisions contained in this Decree, EEOC may monitor Defendant's compliance with this Decree through the inspection of Defendant's premises, records and interviews with employees at reasonable times.  Defendant will make available for inspection and copying any records reasonably related to this Decree, upon reasonable notice by EEOC.

B.   **Reporting Requirements for Discrimination Complaints**

Every six months beginning three months from the date of entry of this Decree, Defendant will provide a written report to the Legal Unit of the EEOC, New York District Office, with information regarding any verbal or written complaints of discrimination on the basis of religion, race or national origin or of sexual harassment received during the preceding six months from employees working in or applicants to any store where Mr. Baccas has been the Manager.  The report will include the name of the complainant, the name of the alleged harasser or discriminator, a list of each step taken by Defendant during the investigation, a summary of the complaint, the location, the results of any investigation of the complaint, and any remedial

action taken by Defendant. The report will also include all open complaints and all complaints closed or resolved within the prior three months.

**Section 206    Compliance with Record-keeping Requirements**

**A.    Record Retention**

Defendant agrees to maintain such records as are necessary to demonstrate its compliance with this Decree and 29 C.F.R. §1602 *et seq.* and to verify that the reports submitted pursuant to this Decree are accurate.

## PART III

**Section 301    MONETARY RELIEF FOR CHARGING PARTY AND CLAIMANTS**

**A.    Monetary Payments**

1.    Defendant will pay a total of two hundred forty-nine thousand four hundred dollars ($ 249,400) representing damages recoverable in connection with the claims asserted in the action, including all attorneys' fees for Sukhbir Kaur payable to Plaintiff-Intervenor and Claimants. In addition, Defendant will pay up to five thousand six hundred dollars ($5,600) for attorneys' fees for Claimants as set forth in Section 401.

2.    The monetary payments made to Plaintiff-Intervenor and Claimants will be delivered by certified mail to Plaintiff-Intervenor and Claimants and paid as follows: The monetary payments made to Charging Parties and Claimants will be paid as follows: (1) within ten days of the date of entry of this Decree, Defendant will pay $75,000 of the total settlement amount; $50,000 of this initial payment will be made to Sukhbir Kaur and the remaining $25,000 to other Claimants, in the amounts specified by the EEOC in Exhibit C, which is to be filed under seal; (2) within 90 days of the date of entry of this Decree, Defendant will pay an additional $55,000 of the settlement amount, $27,500 to Sukhbir Kaur, and $27,500 to the other

Claimants, in the amounts specified by the EEOC in Exhibit C; (3) beginning 120 days of the date of entry of this Decree, Defendant will make six monthly payments of $20,000 ($120,000 in total monthly payments), one half of the these monthly payments to be made to Sukhbir Kaur and the other half to the Claimants until the total amount paid to the Claimants equals $94,400 at which time the remaining payments will be made to Sukhbir Kaur only as set forth herein:

| Time of Payment | Kaur | Other Claimants (to be divided in amounts specified by EEOC) |
|---|---|---|
| 120 days | $10,000 | $10,000 |
| 150 days | $10,000 | $10,000 |
| 180 days | $10,000 | $10,000 |
| 210 days | $10,000 | $10,000 |
| 240 days | $17,500 | $1,900 |
| 270 days | $20,000 | |

     3.     A copy of each check payable to a Claimant will be forwarded to Margaret A. Malloy, Esq., Equal Employment Opportunity Commission, 33 Whitehall Street, 5th Floor, New York, NY 10004, immediately upon issuance of the check.

     4.     In connection with the check issued to Plaintiff-Intervenor and to each Claimant, Defendant will issue an IRS form W2 in connection with each back-pay damage amount and an IRS form 1099 in connection with each compensatory damage amount.

Defendant will issue a W-2 and make normal withholdings from the first $10,000 paid to Ms.

Kaur; Defendant will issue a form 1099 for the remaining amount paid to her and her attorney.

# PART IV

**Section 401    MISCELLANEOUS RELIEF FOR CHARGING PARTIES AND CLAIMANTS**

A.      To receive payment of settlement monies under this Decree, each Charging Party or Claimant must sign a general release.  Defendant will not disburse any settlement monies to any Charging Party or Claimant until he/she has signed a general release.  If any Claimant fails to sign and return a general release within 90 days of the date of entry of this Decree, that Claimant's share of the damages will be redistributed to the remaining Claimants as damages in amounts to be determined by the EEOC in its sole discretion.  Defendant shall provide each Claimant or Charging Party not represented by counsel up to $700.00 to consult with an attorney before signing any general release.  Within five (5) business days of Defendant's counsel's receipt of an invoice from such attorney, Defendant will pay the attorney up to $700.00.

B.      Each party to this action shall bear its own costs and expenses.

C.      Defendant will provide each Claimant with a neutral letter of reference in the form attached as Exhibit D.  In addition, all inquiries regarding any Claimant shall be referred to Robert Pidgeon, who will provide no information beyond that stated in Exhibit D.

**SIGNATURES**

Each signatory to this Decree represents that each is fully authorized to execute this

Decree and to bind the parties on whose behalf each signs.

APPROVED IN FORM AND CONTENT:

By Plaintiff Equal Employment Opportunity Commission:
Dated:        October 7, 2008
              New York, NY

Elizabeth Grossman
Regional Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

By Defendant National Wholesale Liquidators, Inc.
Dated. DEC 8th 2008

National Wholesale Liquidators, Inc.

Dated:  10/10/08

Jeffrey W. Brecher, Esq.
Jackson Lewis, LLP
58 South Service Rd., Ste. 410
Melville, NY  11747

By Plaintiff-Intervenor Sukhbir Kaur
Dated: 10/15/8

Ravinder S. Bhalla, Esq.
33-41 Newark Street, Suite 4A
Hoboken, NJ 07030

The Clerk of the Court
shall close the case.

Dated:

SO ORDERED: _____
             United States District Judge

**SO ORDERED**

Joseph F. Bianco
USDJ

Date: ___Oct. 23___ 20 08
Central Islip, N.Y

15



# National
# Wholesale
# Liquidators

111 HEMPSTEAD TURNPIKE, WEST HEMPSTEAD, NY 11552-1303
TEL: 516-489-3300
Fax 516-538-6018

## NOTICE TO ALL EMPLOYEES OF NATIONAL WHOLESALE LIQUIDATORS, INC.

This Notice has been posted pursuant to a Consent Decree entered in resolution of a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against National Wholesale Liquidators, Inc. ("NWL") in federal court in the Eastern District of New York (No. 07 CV 2507). In its lawsuit, EEOC alleged that NWL subjected employees to harassment based on their race (Asian), national origin (South Asian/Indian and Pakistani), and religion (Sikh), and also sexually harassed an employee. The Consent Decree requires NWL to take multiple steps to prevent harassment and discrimination.

Federal law prohibits discrimination and/or harassment based on an employee's sex, race, color, national origin, religion, age, or disability. Federal law also prohibits retaliation against any employee who files a charge of discrimination, who opposes unlawful activity, or who cooperates in the investigation of a charge or otherwise exercises her or his rights under the law.

NWL is committed to maintaining a workplace free from discrimination and harassment. Should you have a complaint of discrimination or harassment you should contact:

> NWL's EEO Officer, Robert Pidgeon at (516) 489-3300 Ext. 1048.

> You may also contact U.S. Equal Employment Opportunity Commission
> 33 Whitehall Street
> New York, New York 10004
> Toll Free: (800) 669-4000
> New York Direct Dial: (212) 336-3630
> TTY (212) 336-3622
> Website: http://www.eeoc.gov

Dated:_____

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL

This Notice must remain posted for 3 years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the numbers listed above.

Consent Decree
Exhibit A

### Employment Policies

National Wholesale Liquidators, Inc. (the "National" or the "Company") is committed to providing a work environment that is free of discrimination and harassment of any kind. National wants all employees to know that they are not required to endure discriminatory, harassing or retaliatory conduct based upon race, color, religion, creed, national origin, ancestry, disability, sex, age, veterans status, sexual orientation or any other characteristic protected by law while they are at work.    National requires that each person exhibit in his/her conduct or communication, sound judgment and respect for every other employee, guest, client and vendor of the Company.

### Equal Employment Opportunity

National has zero tolerance of harassment or discrimination in employment because of race, color, religion, creed, national origin, ancestry, disability, sex, age, veteran's status, sexual orientation, or any other characteristic protected by law.  National has issued the following policy stating the Company's views in this matter:

It is the policy of National to:

- strictly follow personnel procedures to offer equal opportunity for all people without regard to race, color, religion, creed, national origin, sex, age, ancestry, marital status, disability, veteran status or any other characteristic protected by law;

- comply with the Americans with Disabilities Act ("ADA"), and State and local laws, by not discriminating against any applicant with a disability or qualified employee with a disability who can perform the essential functions of his/her position with or without a reasonable accommodation;

- make reasonable accommodations wherever necessary for all applicants with disabilities to participate in the application process and to enable otherwise qualified disabled individuals to safely perform essential functions of their job, the Company will provide accommodations that are reasonable and do not impose an undue hardship on the Company or pose a direct threat to the safety of the employees or others;

- make reasonable accommodations for all applicants who may have religious needs whenever doing so will not cause undue hardship for National;

- achieve understanding and acceptance of National's policy on Equal Employment Opportunity by all employees;

- thoroughly investigate instances of alleged discrimination and take prompt and appropriate remedial action if warranted;

- identify and correct any practices that may be at variance with the intent of the Equal Employment Opportunity Policy.

Consent Decree
Exhibit B

National requires all personnel to share the Company's commitment to a workplace free of harassment and discrimination.

## Harassment Policy

National intends to provide a work environment that is free from intimidation, hostility or harassment that might interfere with work performance. Harassment of any sort – verbal, physical, and visual – will not be tolerated.

### What is Harassment?

Harassment can take many forms. It may be, but is not limited to: words, signs, jokes, pranks, intimidation, physical contact, or violence. Prohibited harassment is not limited to sexual harassment in nature. Prohibited harassment also includes words, jokes, comments, intimidation, physical contact based on an individual's race, color, national origin, age, disability, creed, veteran's status, or any other characteristic protected under federal, state or local law.

Sexually harassing conduct may include unwelcome sexual advances, requests for sexual favors, or any other unwelcome verbal or physical contact of a sexual nature that creates an intimidating, hostile or offensive working environment, or when such conduct is made a conduction of employment or compensation, either implicitly or explicitly.

### Responsibility

All of National's employees, and particularly Managers, have a *responsibility* for keeping our work environment free of harassment. Any employee who becomes aware of an incident of harassment, whether by witnessing the incident or being told of it, should report it to his/her immediate Manager or the Director of Human Resources and EEO Officer, Bobby Pidgeon (516-489-3300, ext. 1048) After business hours, you may call Robert Pidgeon at home (516-735-1573), or on his cell phone (516-851-9725). When management becomes aware that harassment might exist, the Company will take prompt and appropriate action including a thorough and impartial investigation of the allegations of misconduct.

### Complaint Procedure

Employees have a right to file a complaint with the Company. Employees who feel comfortable doing so should inform the person(s) engaging in any form of harassment that the conduct is unwelcome, offensive and that it must stop.

Any employee who believes he or she is experiencing sexual or any form of harassment should immediately *report* such harassment to a Manager or to the Human Resources personnel listed above. This may be done in writing or orally. The Company will accept any and all complaints from employees who wish to file them.

ALL MANAGEMENT AND HUMAN RESOURCES PERSONNEL ARE REQUIRED TO REPORT IMMEDIATELY ANY INCIDENT OF HARASSMENT TO THEIR IMMEDIATE SUPERVISOR, OR TO THE EEO OFFICER.

**Investigation**

Once a complaint is received, a record of the complaint will be made. The Company will, where warranted, investigate and attempt to resolve, in a timely and effective manner, all complaints of violations of this policy.

All information obtained during an investigation will be treated confidentially and will only be disclosed on a need-to-know basis in order to investigate and resolve the matter. Employees who disclose confidential information to unauthorized parties will be subject to disciplinary action, which may include termination.

Investigations may include interviews with the complainant and witnesses, as well as the person alleged to have committed the harassment or discrimination. You may be asked to provide a written statement of the complaint to assist in our investigation. A written record of the investigation will be made.

If sexual harassment or any form of harassment or discrimination is found to have occurred, it will not be tolerated and appropriate action remedying the situation will be taken. In addition, disciplinary action up to and including termination of employees who have violated this policy will occur.

Once an investigation under this policy is completed, the Company will so inform the person making the complaint of the outcome within a reasonable period of time, disclosing such detail as may, under the circumstances, be appropriate. If you have not received a satisfactory response to your complaint of harassment or discrimination within a reasonable period of time after making your complaint, please contact our President Scott Rosen (516-489-3300).

**Anti-Retaliation Policy**

No adverse employment action or retaliation of any kind will be taken against any employee making a report of harassment, any employee who opposes practices he or she believes to be unlawfully discriminatory, or any employee who participates in an investigation.

I have read and understand the above policy.

_____

Signed & dated

Consent Decree
Exhibit B



[Defendant's letterhead]

To Whom It May Concern:

Sukhbir Kaur was employed by National Wholesale Liquidators as a floor clerk from June 30, 2002 to October 8, 2004.

Sincerely,

Robert Pidgeon
[title, address, phone number]

[Defendant's letterhead]

To Whom It May Concern:

Bhupinder Whalia was employed by National Wholesale Liquidators in the linens department from October 7, 2001 to March 26, 2005.

Sincerely,

Robert Pidgeon
[title, address, phone number]

[Defendant's letterhead]

To Whom It May Concern:

Harmeet Kaur was employed by National Wholesale Liquidators as a cashier from May 8, 2006 to May 18, 2007.

Sincerely,

Robert Pidgeon
[title, address, phone number]

[Defendant's letterhead]

To Whom It May Concern:

Musarat Ahmed was employed by National Wholesale Liquidators as a cashier from May 6, 2004 to October 10, 2004.

Sincerely,

Robert Pidgeon
[title, address, phone number]

[Defendant's letterhead]

To Whom It May Concern:

Raman Kumri was employed by National Wholesale Liquidators as a stock clerk from July 7, 2004 to August 4, 2007.

Sincerely,

Robert Pidgeon
[title, address, phone number]

[Defendant's letterhead]

To Whom It May Concern:

Randhir Singh was employed by National Wholesale Liquidators as a general stock clerk from March 29, 2004 to September 24, 2004.

Sincerely,

Robert Pidgeon
[title, address, phone number]

[Defendant's letterhead]

To Whom It May Concern:

Sandeep Singh was employed by National Wholesale Liquidators as a stock clerk from July 3, 2006 to September 10, 2007.

Sincerely,

Robert Pidgeon
[title, address, phone number]

Consent Decree
Exhibit D

[Defendant's letterhead]

To Whom It May Concern:

Santosh Sharma was employed by National Wholesale Liquidators as a floor clerk and as a cashier from March 25, 1999 to November 1, 2004.

Sincerely,

Robert Pidgeon
[title, address, phone number]

Consent Decree
Exhibit D

[Defendant's letterhead]

To Whom It May Concern:

Fazal Elahi was employed by National Wholesale Liquidators as a stock clerk from December 8, 2003 to January 8, 2004.

Sincerely,

Robert Pidgeon
[title, address, phone number]